# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| NICHOLAS CURNELL,<br><br>*Plaintiff*<br><br>vs.<br><br>YES ONLINE INC. dba DYNAMIC LEGAL RECOVERY; EQUIFAX INFORMATION SERVICES, LLC.; AND EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>*Defendant* | Case No.: 4:22-cv-425 |

## DEFENDANT YES ONLINE INC. D/B/A DYNAMIC LEGAL RECOVERY'S ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES

COMES NOW Defendant YES ONLINE INC. dba DYNAMIC LEGAL RECOVERY, ("Yes Online" or "Defendant"), by and through its counsel of record, and hereby answers the Complaint of Plaintiff NICHOLAS CURNELL ("Plaintiff") by admitting, denying, and alleging as follows:

## PRELIMINARY STATEMENT

1. Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff brought this action seeking damages for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.,* however; Defendant denies that it violated the FCRA.

{00171124;1}

## JURISDICTION & VENUE

2. Answering Paragraph 2 of the Complaint, Defendant admits that Plaintiff brought this action for damages arising from alleged violations of the FCRA, however; Defendant denies that it violated the FCRA.

3. Answering Paragraph 3 of the Complaint, Defendant admits that the Court has jurisdiction over Plaintiff's FCRA claim, however; Defendant denies that it violated the FCRA.

4. Without admitting or denying the allegations contained in Paragraph 4 of the Complaint, Defendant does not contest venue at the present time.

## PARTIES AND SERVICE

5. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint as they call for a legal conclusion.

**Yes Online Inc.**

7. Answering Paragraph 7 of the Complaint, Defendant admits that it may furnish information to consumer reporting agencies at times and its registered agent for service of process is C.T. Corporation System.

8. Defendant states that Paragraph 8 of the Complaint is a statement that is not subject to denial or admission. To the extent a response is required, Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 8 and therefore denies them at the present time.

**Equifax Information Services, LLC**

9. Defendant lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 9 of the Complaint and therefore denies them at the present time.

10. Defendant lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 10 of the Complaint and therefore denies them at the present time.

11. Defendant lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 11 of the Complaint and therefore denies them at the present time.

**Experian Information Solutions, Inc**

12. Defendant lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 12 of the Complaint and therefore denies them at the present time.

13. Defendant lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 13 of the Complaint and therefore denies them at the present time.

14. Defendant lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 14 of the Complaint and therefore denies them at the present time.

## FACTUAL ALLEGATIONS

15. Answering Paragraph 15 of the Complaint, Defendant incorporates by reference paragraphs all of the above paragraphs of this Answer as though fully stated herein with the same force and effect as if the same were set forth at length.

**Yes Online Violation of the FCRA**

16. Answering Paragraph 16 of the Complaint, Defendant admits that this matter arises from a German wireless phone bill from Telekom Deutschland "TD" belonging to Plaintiff and Defendant contends that Exhibit "0016-0019" speaks for itself.

17. Answering Paragraph 17 of the Complaint, Defendant admits that it was placed a debt owed to TD for collection in the United States.

18. Answering Paragraph 18 of the Complaint, Defendant contends that Exhibit "0001-0002" speaks for itself.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Answering Paragraph 21 of the Complaint, Defendant contends that Exhibit "0005-0009" speaks for itself.

22. Answering Paragraph 22 of the Complaint, Defendant contends that Exhibit "0010-0015" speaks for itself.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 26 of the Complaint, and thereby denies them at the present time.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

## Equifax's violation of the FCRA

28. Answering Paragraph 28 of the Complaint, Defendant contends that Exhibit "0005" speaks for itself.

29. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 29 of the Complaint, and thereby denies them at the present time.

30. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 30 of the Complaint, and thereby denies them at the present time.

31. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 31 of the Complaint, and thereby denies them at the present time.

32. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 32 of the Complaint, and thereby denies them at the present time.

33. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 33 of the Complaint, and thereby denies them at the present time.

34. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 34 of the Complaint, and thereby denies them at the present time.

35. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 35 of the Complaint, and thereby denies them at the present time.

## **Experian's Violation of the FCRA**

36. Answering Paragraph 36 of the Complaint, Defendant contends that Exhibit "0006" speaks for itself.

37. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 37 of the Complaint, and thereby denies them at the present time.

38. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 38 of the Complaint, and thereby denies them at the present time.

39. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 39 of the Complaint, and thereby denies them at the present time.

40. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 40 of the Complaint, and thereby denies them at the present time.

41. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 41 of the Complaint, and thereby denies them at the present time.

42. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 42 of the Complaint, and thereby denies them at the present time.

43. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 43 of the Complaint, and thereby denies them at the present time.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to Defendant Yes Online)

44. Answering Paragraph 44 of the Complaint, Defendant incorporates by reference paragraphs all of the above paragraphs of this Answer as though fully stated herein with the same force and effect as if the same were set forth at length.

45. Answering Paragraph 45 of the Complaint, Defendant admits that Plaintiff brings this action for alleged violations of the FCRA, however; Defendant denies that it violated the FCRA.

46. Answering Paragraph 46 of the Complaint, Defendant contends that the FCRA speaks for itself.

47. Answering Paragraph 47 of the Complaint, Defendant contends that the FCRA speaks for itself.

48. Answering Paragraph 48 of the Complaint, Defendant contends that the FCRA speaks for itself.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

## SECOND CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Defendant Yes Online)**

54. Answering Paragraph 54 of the Complaint, Defendant incorporates by reference paragraphs all of the above paragraphs of this Answer as though fully stated herein with the same force and effect as if the same were set forth at length.

55. Answering Paragraph 55 of the Complaint, Defendant admits that Plaintiff brings this action for alleged violations of the FCRA, however; Defendant denies that it violated the FCRA.

56. Answering Paragraph 56 of the Complaint, Defendant contends that the FCRA speaks for itself.

57. Answering Paragraph 57 of the Complaint, Defendant contends that the FCRA speaks for itself.

58. Answering Paragraph 58 of the Complaint, Defendant contends that the FCRA speaks for itself.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

## THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Experian)

65. Answering Paragraph 65 of the Complaint, Defendant incorporates by reference paragraphs all of the above paragraphs of this Answer as though fully stated herein with the same force and effect as if the same were set forth at length.

66. Answering Paragraph 66 of the Complaint, Defendant admits that Plaintiff brings this action for alleged violations of the FCRA, however; Defendant denies that it violated the FCRA.

67. Answering Paragraph 67 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegation contained therein and thereby denies same at the present time.

68. Answering Paragraph 68 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegation contained therein and thereby denies same at the present time.

69. Answering Paragraph 69 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegation contained therein and thereby denies same at the present time.

70. Answering Paragraph 70 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegation contained therein and thereby denies same at the present time.

71. Answering Paragraph 71 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegation contained therein and thereby denies same at the present time.

72. Answering Paragraph 72 of the Complaint, Defendant admits that Plaintiff demands a judgment in his favor for damages, however; Defendant denies that Plaintiff is entitled to such judgment against Defendant.

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Experian)

73. Answering Paragraph 73 of the Complaint, Defendant incorporates by reference paragraphs all of the above paragraphs of this Answer as though fully stated herein with the same force and effect as if the same were set forth at length.

74. Answering Paragraph 74 of the Complaint, Defendant admits that Plaintiff brings this action for alleged violations of the FCRA, however; Defendant denies that it violated the FCRA.

75. Answering Paragraph 75 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegation contained therein and thereby denies same at the present time.

76. Answering Paragraph 76 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegation contained therein and thereby denies same at the present time.

77. Answering Paragraph 77 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegation contained therein and thereby denies same at the present time.

78. Answering Paragraph 78 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegation contained therein and thereby denies same at the present time.

79. Answering Paragraph 79 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegation contained therein and thereby denies same at the present time.

80. Answering Paragraph 80 of the Complaint, Defendant admits that Plaintiff demands a judgment in his favor for damages, however; Defendant denies that Plaintiff is entitled to such judgment against Defendant.

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Equifax)

81. Answering Paragraph 81 of the Complaint, Defendant incorporates by reference paragraphs all of the above paragraphs of this Answer as though fully stated herein with the same force and effect as if the same were set forth at length.

82. Answering Paragraph 82 of the Complaint, Defendant admits that Plaintiff brings this action for alleged violations of the FCRA, however; Defendant denies that it violated the FCRA.

83. Answering Paragraph 83 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegation contained therein and thereby denies same at the present time.

84. Answering Paragraph 84 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegation contained therein and thereby denies same at the present time.

85. Answering Paragraph 85 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegation contained therein and thereby denies same at the present time.

86. Answering Paragraph 86 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegation contained therein and thereby denies same at the present time.

87. Answering Paragraph 87 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegation contained therein and thereby denies same at the present time.

88. Answering Paragraph 88 of the Complaint, Defendant admits that Plaintiff demands a judgment in his favor for damages, however; Defendant denies that Plaintiff is entitled to such judgment against Defendant.

## SIXTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Equifax)**

89. Answering Paragraph 89 of the Complaint, Defendant incorporates by reference paragraphs all of the above paragraphs of this Answer as though fully stated herein with the same force and effect as if the same were set forth at length.

90. Answering Paragraph 82 of the Complaint, Defendant admits that Plaintiff brings this action for alleged violations of the FCRA, however; Defendant denies that it violated the FCRA.

91. Answering Paragraph 91 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegation contained therein and thereby denies same at the present time.

92. Answering Paragraph 92 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegation contained therein and thereby denies same at the present time.

93. Answering Paragraph 93 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegation contained therein and thereby denies same at the present time.

94. Answering Paragraph 94 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegation contained therein and thereby denies same at the present time.

95. Answering Paragraph 95 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegation contained therein and thereby denies same at the present time.

96. Answering Paragraph 95 of the Complaint, Defendant admits that Plaintiff demands a judgment in his favor for damages, however; Defendant denies that Plaintiff is entitled to such judgment against Defendant.

## **PLAINTIFF'S PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to the relief requested in the Complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE
(Failure to State Cause of Action)

1. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

2. Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE
(Equitable Defenses)

3. As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant are barred by doctrines of estoppel, waiver, unclean hands, and other equitable doctrines.

### FOURTH AFFIRMATIVE DEFENSE
(No Intentional or Reckless Conduct)

4. As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional, and malicious or done with reckless disregard with respect to Plaintiff. Defendant also alleges that it never engaged in any knowing, willful, or fraudulent conduct with respect to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE
(Mitigation of Damages)

5. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE
(Actions Were Privileged and Justified)

6. As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant, is barred because Defendant was privileged and justified, by statute and by common law, in making the alleged statements and representations, if any.

## SEVENTH AFFIRMATIVE DEFENSE
(Lack of Standing)

7. As a separate, affirmative defense, Defendant alleges that Plaintiff lacks Article III standing. *See Spokeo v. Robins,* 136 S.Ct. 1540 (2016) and *TransUnion LLC v. Ramirez*, No. 20-297, 2021 WL 2599472, -- S.Ct. – (2021).

## EIGHTH AFFIRMATIVE DEFENSE
(Bona Fide Error)

8. As a separate, affirmative defense, assuming arguendo that this Defendant violated a statute alleged in the Complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## NINTH AFFIRMATIVE DEFENSE
(Reasonableness and Good Faith)

9. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted, Defendant alleges that they acted lawfully and within their legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information

reasonably available to this answering Defendant. Accordingly, Plaintiff are barred from any recovery in this action.

## TENTH AFFIRMATIVE DEFENSE
(Damages are Limited)

10. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by the applicable statutes.

## ELEVENTH AFFIRMATIVE DEFENSE
(No Damages)

11. As a separate, affirmative defense, Defendant asserts that Plaintiff suffered no actual damages.

## TWELFTH AFFIRMATIVE DEFENSE
(Maintained Reasonable Procedures)

12. As a separate, affirmative defense, Defendant alleges that at all times alleged in the Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the FCRA.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Estoppel)

13. As a separate, affirmative defense, the Complaint, and each cause of action alleged there against Defendant is barred by the conduct, actions, and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE
(Compliance with Statute)

14. The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

## FIFTEENTH AFFIRMATIVE DEFENSE
(No Dispute)

15. As a separate, affirmative defense, Defendant alleges Plaintiff failed to report a dispute to a credit reporting agency and/or Defendant did not receive notice from a credit reporting agency of Plaintiff's dispute that would give rise to a furnisher's liability under 15 U.S.C. §1681s-2(b).

## SIXTEENTH AFFIRMATIVE DEFENSE
(Ambiguous Dispute)

16. As a separate, affirmative defense, Plaintiff's dispute was ambiguous with respect to the dispute at issue and what Defendant must investigate.

## SEVENTEENTH AFFIRMATIVE DEFENSE
(Reasonable Investigation)

17. As a separate, affirmative defense, Defendant alleges that it conducted a reasonable investigation.

## EIGHTEENTH AFFIRMATIVE DEFENSE
(Accuracy)

18. As a separate, affirmative defense, Defendant alleges that the information reported to the credit reporting agencies were accurate.

## NINETEENTH AFFIRMATIVE DEFENSE
(No Strict Liability)

19. As a separate, affirmative defense, Defendant alleges that the FCRA is not a strict liability statute. As such, Plaintiff cannot prove that Defendant's actions were negligent or willful as set forth in the statute. 15 U.S.C. §§ 1681o and 1681n.

## TWENTIETH AFFIRMATIVE DEFENSE
(Conduct of Third Parties)

20. As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any,

were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

## RESERVATION OF RIGHTS

21. Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third-party claims, as additional investigation, discovery or circumstances warrant.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant denies every request in Plaintiff's prayer, and prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the court deems just and equitable.

## JURY TRIAL DEMAND

Defendant demands a trial by jury.

Dated: June 17, 2022

By: */s/ Laura E. Kugler*

Laura E. Kugler, Esq.
Bar No. 06571020
Gordon Rees Scully Mansukhani
2200 Ross Avenue Suite 3700
Dallas, Texas 75201
Phone: (214) 231-4660
lkugler@grsm.com

**Attorney for Defendant,
YES ONLINE INC. d/b/a DYNAMIC LEGAL RECOVERY**

## CERTIFICATE OF SERVICE

      I hereby certify by my signature above that a true and correct copy of the foregoing document has been sent via electronic service to counsel of record in accordance with the Federal Rules of Civil Procedure, on this the 17th day of June 2022.

Shawn Jaffer
Allen Robertson
Philip Pool
attorneys@jaffer.law
Jaffer & Associates, PLLC
5757 Alpha Rd., Suite 430
Dallas, Texas 75240

                              */s/ Laura E. Kugler*
                              Laura E. Kugler